NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC. : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JOSE FERNANDEZ, individually and : <br> CREST SEA CORPORATION d/b/a : <br> TONY'S MARISQUEIRA and d/b/a EL : <br> POLLO DORADO : <br> : <br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 03-cv-6160 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Garden City Boxing Club, Inc. ("Plaintiff") for Entry of Final Judgment by Default pursuant to Federal Rule of Civil Procedure 55 against Defendants, Jose Fernandez, Crest Sea Corporation, Tony's Marisqueira and El Pollo Dorado ("Defendants") for unauthorized use and publication of satellite cable programming in violation of the Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Communications Act"). For the reasons set forth below, Plaintiff's motion is **granted**.

## DISCUSSION

Plaintiff seeks an award of statutory damages pursuant to 47 U.S.C § 605. Section 605(e)(3)(C)(i)(II) authorizes a court to award statutory damages, as the court considers just, ranging from $1,000 through $10,000.00 for all violations involved in an action. See 47 U.S.C §

605(e)(3)(C)(i)(II) . The court may, in its discretion increase the award up to $100,000 if it finds the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C § 605(e)(3)(C)(ii). A court must also "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." See 47 U.S.C § 605(e)(3)(B)(iii).

A. **Standard for Default Judgment**

By virtue of Defendants' default, every "well-plead allegation" of the Complaint, except those relating to damages, are deemed admitted. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). Moreover, Plaintiff is entitled to all reasonable inferences from the evidence offered. See, e.g., Victor Int'l, Inc. v. Taiwan Mach. Trade Ctr. Corp., 278 B.R. 67, 81-82 (D.N.J.2002) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)). Thus, the Court is required to accept as true the assertion that Defendants did intercept and/or receive and broadcast a telecast of the September 14, 2002, Championship boxing match between Oscar De la Hoya and Fernado Vargas ("the Event") without Plaintiff's authorization and without payment. (See Pl.'s Compl.) The Court is also required to accept that Plaintiff is a "person aggrieved" by Defendants' violation and that Defendants violated 47 U.S.C. § 605. (Id.)

B. **Facts**

The evidence offered in the affidavit of Cole Blaze ("Blaze Affidavit") establishes the following facts. On September 14, 2002, without authorization, Defendants either intercepted and received or assisted in the interception or receipt of the transmission of the Event. (See Pl's

Ex. C). The Event was broadcast to the patrons of Crest Sea Restaurant for viewing. Because the Defendants had not contracted with Plaintiff, and the transmission was scrambled, Plaintiff alleges that Defendants must have engaged in a specific wrongful action such as "using an unauthorized decoder, obtaining cable service and illegally altering the cable service to bring the signal of the Event into the establishment or moving an unauthorized decoder from its authorized location to the establishment." (Pl.'s Br. at 6.) As a result of the unauthorized broadcast, Plaintiff claims to have suffered damages due to lost licencing fees and loss of future licencing fees from other entities. Plaintiff requests the maximum statutory damages of $10,000, an additional $30,000 in enhanced damages, $1,297 in attorney's fees and $278.90 for costs, totaling $41,576.40.

During the broadcast of the event, there were approximately forty patrons in the restaurant (See Pl.'s Ex. C.) These patrons each paid a $5 "cover charge." (Id.) Since Crest Sea serves food and beverages, it is impossible to say with any certainty how much profit was made as a result of the broadcast. As a result, Plaintiff cannot calculate its real damages incurred by Defendant's broadcast of the Event. Therefore, Plaintiff is forced to pursue statutory damages in lieu of actual damages.

## C. Calculation of Damages

In setting the amount of statutory damages within the $1,000.00 through $10,000.00 range provided by the statute, courts consider several factors, including the revenue lost by the aggrieved party and saved by the violator, the award's deterrent value, and the willfulness of the actions. Cablevision Sys. New York City Corp v. Flores, 2001 WL 761085, at 3-4 (2001); Time

Warner Cable of New York City v. Barbosa, 2001 WL 118608, at 5 (2001). Some courts have tried to estimate the profits generated by the event, or the potential licencing fee the Defendants would have paid. See Time Warner Cable of New York City V. Googies Luncheonette, Inc., 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999), Cablevision Systems Corp.v. 45 Midland Enterprises Inc., 858 F.Supp (S.D.N.Y. 1994). Commercial licencing fees depend mainly on the capacity of the establishment and the possible number of viewers. In this case, the only guidance given by the Plaintiff is a estimate based on the apparent occupancy of the bar. The maximum capacity of the bar is fifty to sixty patrons and there were approximately forty patrons in the bar at the time of the fight. (See Pl's Ex. C) Accordingly, Plaintiff would have charged Defendants a minimum of $1,600. (See Pl.'s Aff. D.) Plaintiff failed to include an example of the licensing fees it charges legitimate commercial customers. Based on this information, statutory damages of $1,600 are appropriate. This amount is consistent with similar cases; See Joe Hand Promotions v. Hernandez et al, 2004 WL 1488110 (S.D.N.Y), awarding statutory damages of $1,000 and enhanced damages of $1,500 for seven defendants for a one-time showing of a boxing match to approximately twenty customers, Event Entertainment, Inc v. DeDios, 1999 WL 447102 (D.N.J), awarding $5,000 for repeat violators, Joe Hand Promotions v. Burg's Lounge, 955 F.Supp. 42 (E.D.Pa.1997) awarding $1,000 statutory damages and $1,000 willful penalty.

Pursuant to 47 U.S.C § 605(e)(3)(C)(ii), Plaintiff is entitled to enhanced damages if the action was committed willfully and for commercial gain. The transmission of the Event was both electronically coded and scrambled in order to protect the closed-circuit nature of the broadcast.

(See Pl's Br. at 2-4). To legitimately access the Event, Crest Sea or any commercial customer would be provided with the necessary electronic decoding equipment and the satellite coordinates necessary to receive the signal. (See Pl's Br. at 2). Plaintiff contends, and the Court agrees that to receive and broadcast the Event, a wrongful act must have taken place, i.e., utilizing a decoder, diverting cable services or otherwise illegally accessing the transmission. Each of these acts constitutes a willful violation of the statute. Since the Blaze Affidavit indicates that the patrons of Crest Sea did pay a cover charge and Crest Sea is a commercial establishment that serves both food and alcohol, a commercial advantage was obtained. In this case, it is clear that Defendant's gained an "direct commercial advantage" as as result of the Event. See 47 U.S.C § 605(e)(3)(C)(ii).

Plaintiff requests an additional $30,000 in enhanced damages, however the facts of this case do not warrant such an award. According to the Blaze Affidavit, the Crest Sea is a small establishment, with approximately forty patrons at the time of the Event which was shown on only one television set. While it is clear that there was a "cover charge" of five dollars in place, it is not clear if all forty customers paid the charge. Therefore the maximum amount gained by the cover charge would have been $200. Besides the possible $200 from the cover charge, there is nothing to show that the Defendants profited substantially from the showing of the Event. The imposition of the maximum amount of statutory damages requires some evidence of "especially egregious circumstances." See Event Entertainment v. DeDios, 1999 WL 447012 (D.N.J). "The very presence of a range of permissible statutory damages, with the actual amount left to the

determination of the court 'as [it] considers just,' indicates that Congress understood that the maximum permissible amount would not be appropriate in every case." (Id. at 3.) In addition to the lost profits from the sub-licence fee, Plaintiff may have also lost additional residential customers, in that some Crest Sea patrons who would have otherwise purchased the Event did not as a result of the Defendants exhibiting it for a nominal charge. Furthermore, as a result of unauthorized broadcasts, Plaintiff could have potentially lost legitimate commercial customers who could not afford to compete with establishments who steal programming and charge little or no admission fee. See Kingvision Pay-Per-View v. Ruiz, 2005 WL 589403 (S.D.N.Y.). An enhanced damage award of twice the fee avoided acknowledges that Garden City was deprived of more than just the sub-licence fee Crest Sea would pay to legally exhibit the Event. (Id. at *3.) An enhanced damage award of $3,200 serves both the purpose of deterrence and adequately compensates Plaintiff for the additional profits that the Defendants may have received. See Id., Home Box Office v. Champs of New Haven, Inc., 837 F.Supp. 480, 484.

**D. Costs and Fees**

As discussed above, § 605 of the Communications Act makes it mandatory that the Court shall award full costs as well as reasonable attorney's fees. 47 U.S.C § 605(e)(3)(B)(iii). Here, Plaintiff has submitted an affidavit and time sheets to establish the amount of costs and attorneys' fees incurred in prosecuting this action. In reviewing Plaintiff's submission on this issue, this Court finds that the time billed and the rates charged by counsel are reasonable. Plaintiff's also seeks costs in the amount of $278.90. Accordingly, the Court awards Plaintiff its

costs and attorney's fees in the amount of $1,576.40.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for damages pursuant to 47 U.S.C § 605(e)(3)(C)(i)(I) and 47 U.S.C § 605(e)(3)(C)(ii) is **granted** and Plaintiff's are awarded $6,376.40. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh
United States District Judge.